the affidavit of the complainant that the retainer was paid away from his own office, which was at that time at 287 Broadway. "Possibly I may have failed to take a statement of the same or have failed to file it among my papers. But at any rate, I have found no record or entry of any kind which could even refresh my memory. I frankly state that from time to time I have had a feeling that something had been neglected. The date of the receipt shows that the transaction took place about a month before the beginning of the October term of the Supreme and City Courts, and just about the time of the opening of the Municipal Court, when I must have been necessarily busy in the immediate preparation of cases. My principal practice is as trial counsel for other lawyers. This involves constant attendance in court during the business hours of the day, and much consultation and preparation before hand, leaving little time for outside work, so that I presume in the hurry and concentration on other matters, this affair completely escaped my attention, and as I was never approached by Mrs. Clavin nor communicated with by her it finally passed from my mind. I feel fully the injustice done the boy, Andrew Green, who may possibly have suffered an injustice, and am deeply grieved as a man and as a lawyer that it came through my instrumentality. That, I cannot make amends for. I can and of course will compensate Mrs. Clavin for what she is out, principally the fee and the expenses. I have made no attempt at concealment, denial or defense. I simply place myself in the hands of the court to judge me according to my deserts. I have been in many and important cases in my professional career. I can justly say that I have the confidence of the courts here and elsewhere and the confidence of the Bar. The courts and those who oppose me accept my word and rely on it. I am fifty years of age and the law is my only reliance. If I lose it it is a sentence for life. I ask that it be left to me." Upon the petition and the answer there seems to be no necessity for ordering a reference. Upon the most favorable construction of the conceded facts a case of gross professional negligence is admitted, which cannot be overlooked. In view of respondent's frankness before the committee and in his answer I am of the opinion that a case of willful conversion of a client's money has not been presented. Respondent is censured for his carelessness, neglect and serious dereliction of professional duty. He will of course pay back the amounts received by him. No further proceedings will be taken herein. McLaughlin, Scott, Dowling and Smith, JJ., concurred. Respondent censured. Order to be settled on notice.

MINNIE HATCH PEARSON, Appellant, v. HENRY PEARSON, Respondent.— Order affirmed. No opinion. Present — Clarke, P. J., Scott, Smith, Page and Davis, JJ.

THE C. H. VENNER COMPANY, Appellant, v. SOUTHERN RAILWAY COMPANY, Respondent.— Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Scott, Smith, Page and Davis, JJ.

BENJAMIN TAISHOFF and Another, Appellants, v. ANNIE V. ELKEMA and Another, Respondents.— Judgment affirmed, with costs, on opinion